IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAVARROW YOUNG,<br>(SPN #02426649)<br><br>Plaintiff,<br><br>vs.<br><br>DEVON ANDERSON, *et al.,*<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION H-15-0877<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM AND OPINION ON DISMISSAL**

Javarrow Young, an inmate of the Harris County Jail, sued in January 2015, alleging civil rights violations resulting from a denial of due process. Young, proceeding *pro se* and without prepaying fees, sues Devon Anderson, the Harris County District Attorney; and Randy Ayers, court-appointed defense counsel. Young's claims against his appointed counsel lack merit and are dismissed on that basis. Young's claims against the prosecutor are also dismissed under abstention. The reasons are explained below.

**I.    Background**

In his federal complaint, Young alleges that on December 26, 2014, his boyfriend, Ray Hopson, called 911 to report that Young had assaulted him. Young had a history of domestic violence. The prosecutor issued a warrant for Young's arrest. When Hopson learned that a warrant had been issued, he admitted that he had lied about the assault. Hopson was not charged with filing a false police report despite his admission. Young alleges that the prosecutor is racially biased (Hopson is white and Young is black). The prosecutor initially offered Young one year of county-jail time in exchange for his guilty plea to a misdemeanor offense. Young alleges that the prosecutor

has changed the plea offer to five years in Texas Department of Criminal Justice — Correctional Institutions Division in exchange for his plea. Young asks this court to hold Hopson accountable for filing a false police report and to order that Young be allowed to enter a plea of no contest in exchange for time served.

## II.  Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Young's claims based on deprivations of constitutional rights must proceed under 42 U.S.C. § 1983. That statute requires Young to present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1979). The conduct of a private person, such as Randy Ayers, his defense counsel, is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue,* 460 U.S. 325, 329 (1983). Young's claims against Randy Ayers for ineffective assistance of counsel cannot support a damages suit under § 1983 because the attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995)

(holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of § 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Young's claims against Randy Ayers are dismissed.

Young also asks this court to file criminal charges against Hopson for filing a false police report and to order that he be allowed to plead guilty in exchange for time served. Federal courts do not intervene in state court prosecutions except in extraordinary circumstances. *Younger v. Harris,* 401 U.S. 37, 45 (1971). Abstention "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *La. Debating and Literary Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489 (5th Cir. 1995). "[T]he pending state proceeding must be ongoing and judicial in nature." *Sierra Club v. City of San Antonio,* 112 F.3d 789, 798 (5th Cir. 1997). Abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *see also La. Debating and Literary Ass'n,* 42 F.3d at 1490. Young is awaiting trial in the 351st Criminal District Court of Harris County, Texas on a charge of assault on a family member. He is confined at the HCJ. His next court date is scheduled for April 30, 2015. Abstention is appropriate.

Alternatively, absolute immunity precludes Young's claims against the district attorney to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial

process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Young alleges are related to the judicial process and were undertaken in furtherance of the prosecutor's advocacy function in representing the government. Defendant Anderson is entitled to absolute immunity from Young's suit, and the claims against her are dismissed.

Young's claims under 42 U.S.C. § 1983 for injunctive relief are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### III. Conclusion

Young's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted. The action lacks an arguable basis in law and is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Young seeks habeas relief based on the ineffective assistance of counsel and prosecutorial misconduct, the court notes that a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Young may challenge the ineffective assistance of counsel and prosecutorial misconduct in a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state court remedies. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.

The agency having custody of Young will deduct twenty percent of each deposit made to Young's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) Sergeant M.E. McKinney, Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(2) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on April 28, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge